and may it please the court. The primary question in this case is whether immigration judges and the Board of Immigration Appeals have the general power to terminate proceedings. The court should hold that they do have that power and that the Attorney General erred in matter of SOG by holding that they do not have that power. I date have the general power to terminate proceedings under 8 CFR 1003.10b and 1003.1d12 the same broadly worded regulations on which this court relied in Romero v. Barr and in Jimenez Rodriguez v. Garland and even if the court finds those regulations ambiguous matter of SOG would not be entitled to any deference because it did not interpret the regulations in question and because the Attorney General did not solicit adversarial briefing from the parties. Unless the court prefers otherwise I will first address the termination issue before addressing the other issues in this case. Now at the outset I would counsel I'm sorry I'm so sorry I don't prefer otherwise I do want you to start with the termination issue but I do have sort of a threshold question about how your arguments fit together. If hypothetically you win on your first issue you would like us then to hold that IJs have general authority to terminate and then remand to the agency to consider whether they should exercise that authority based on DACA status right? If we do that do you still want us to consider your other argument based on DACA status that also do you also want us to remand so that agency can can consider whether it should administratively close these proceedings based on DACA status or are you presenting those more as alternative arguments? No they're not alternatives your honor because in the event that the request for termination was denied then my client would like to make a request for administrative closure and if that was denied he would like to pursue his application. Thank you that's all I thank you very much sorry to interrupt. So just at the outset I would like to address what we believe is and is not the question before the court. The question is not when IJs and the board should terminate proceedings as a general matter the question is simply whether they can terminate proceedings as a general matter and to answer that question the court need only consider why it is that IJs and the board can terminate proceedings when DHS fails to sustain the charges of removability. Contrary to what the attorney general claims there is no regulation that specifically authorizes them to terminate proceedings when DHS fails to sustain the charges. So that authority must necessarily come from 1003.10b and 1003.1d12 which authorize them to take quote any action consistent with their authorities that is appropriate and necessary for the disposition of pay. If those regulations did not confer the general power to terminate proceedings then IJs and the board would be and matter of SOG implicitly acknowledged as much by holding that IJs may terminate proceedings either when authorized to supply regulation or when DHS fails to sustain the charges. But that holding was self-contradictory because if IJs can only exercise powers delegated to them by regulation then by definition they cannot exercise any additional powers not delegated to them by regulation. And in a footnote the attorney general argues that a different regulation 8 CFR 1240.12c provides the specific authority to terminate proceedings when DHS fails to sustain the charges. But that regulation makes no reference to DHS's ability to sustain the charges. It merely requires IJs to issue an order at the conclusion of the proceedings that either directs the aliens removal from the United States or the termination of the proceedings or other such disposition of the case as may be appropriate. So if anything... Mr. Winograd, let me ask you this. Do you believe that the word any action both includes explicit and implicit authority to do something with a case such as in the Romero v. Barr case involving administrative closure? Of course the regulations on which we rely don't specifically reference administrative closure but the court found that they implied. With respect to section 1240.12c I was saying that that regulation actually supports our argument because it presupposes that IJs have the general power to terminate proceedings. And even if section 1240.12c meant what the attorney general claims it means, the regulation only applies to IJs. It does not apply to the BIA. So under the attorney general's reading the BIA could not terminate proceedings even when DHS failed to sustain the charges. So the upshot, your honors, is that the very reason that IJs in the board can terminate proceedings when DHS fails to sustain the charges is that they possess the general authority to terminate proceedings under section 1003.10b and 1003.1b.1.2. If IJs in the board possess the general authority to terminate proceedings then whether termination is warranted must be decided on a case-by-case basis subject of course to any future limitations set forth in a precedential decision from either the attorney general or the board itself. Now one argument that the attorney general did not directly make but which the court might independently consider is that it is always appropriate and necessary to terminate proceedings when DHS fails to sustain the charges of removability but that it is never appropriate and necessary to do so when the charges have been upped. But neither part of that argument would be correct because justice termination is not required when DHS fails to sustain the charges nor is it prohibited when the charges have been sustained. Terminating proceedings is a remedy not a right and while termination is typically the only possible remedy when DHS fails to sustain the charges there are at least two circumstances in which IJs in the board could reasonably decline to terminate proceedings. The first is when there are additional grounds of removability that DHS failed to lodge in the original charging document. In that scenario an IJ may elect to continue the proceedings or the board might decide to remain on the record to give DHS a chance to lodge an additional grant of removability. A second scenario is when an alien has been convicted of a criminal offense that could make him subject to a grant of removability but the conviction is not yet final for immigration purposes because it is still on direct appeal. In that scenario an IJ or the board might administratively close rather than terminate the proceedings until the alien's criminal appeal has been resolved. But at the same time justice termination is not always warranted when DHS fails to sustain the charges it may be warranted even when DHS has sustained the charges. For reasons we explain on page 32 of our opening brief it is possible under the immigration laws for an alien to simultaneously be removable from the United States and possess lawful immigration status. For example aliens like my client who crossed the border illegally are removable under AUSC 1182 A6 A1 for being present in the United States without being admitted. Now under the INA aliens are only deemed to have been admitted if they were authorized to have been admitted if they acquire legal status once they are already inside the United States. So aliens who enter the country illegally technically remain removable even if they are granted asylum or some other status outside of removal proceedings that allow them to lawfully remain in the United States. And in that scenario it would certainly be reasonable for an IJ to terminate the proceedings because it would make little sense to order the removal of an alien with lawful immigration status. Termination could also be warranted for aliens who are removable but who could easily obtain permanent residency from USCIS if they were not in removal proceedings. For example take an alien who was placed in removal proceedings for overstaying his visa but who has a U.S. citizen spouse one or more U.S. citizen children and no criminal record or adverse discretionary factors of any kind. Such an alien would be granted permanent residency in a heartbeat either by an IJ or by USCIS. But while it could take months for their application to be approved by USCIS it could take years for them to receive a hearing in immigration court. So in cases like that we believe it could also be appropriate for an IJ to terminate proceedings without prejudice of course so that the alien could seek permanent residency directly with USCIS. But again the court need not and should not opine on whether the termination of on whether the termination of proceedings would be appropriate in this or any other case. If the court holds that IJs and the board have the general power to terminate proceedings it should allow the agency to determine in the first instance when termination is appropriate and necessary. The attorney general's primary argument seems to be that it would intrude on DHS's prosecutorial authority to allow IJs to terminate proceedings against aliens when they remain subject to the charges of removability. But we believe that argument is misplaced for three reasons. First and we think it should go without saying that IJs would use this power quite sparingly. IJs are employees of the attorney general who do not enjoy life tenure. So the idea that they would start terminating proceedings en masse is rather far-fetched. And even if that were to happen DHS would have a right of appeal to the board and the board reviews discretionary determinations de novo. And even if the board somehow ruled against DHS, DHS could then certify the case to the attorney general himself. So as a practical matter any intrusion on DHS's prosecutorial authority would be rather slight. Second, DHS itself has multiple agencies that sometimes work at cross-purpose. As I previously mentioned USCIS may confer asylum or other legal status on an alien that ICE is actively prosecuting an immigration and when DHS is itself sending mixed messages about whether an alien should be allowed to remain in the country there's no principled reason why IJs and the board should have to defer to ICE's position rather than USCIS's. And then finally terminating proceedings over DHS's objection does not raise any separation of powers concerns because DHS and DOJ are both part of the executive branch. But in fact once DHS files a charging document with the immigration court it is no longer able to unilaterally dismiss the case. If it wants to dismiss the case DHS must seek leave to do so from the IJ or from the board. And if IJs and the board are not... Sorry I had a question about this which is is there in thinking about this argument impermissible interference with DHS's enforcement authority is there any sort of practical distinction between an IJ terminating a hearing and an IJ indefinitely suspending a hearing? Or I'm trying to figure out why this hasn't already effectively been decided by Romero because the AG said the exact same thing in Castro-Tonk, whatever it was called. The AG decision on administrative closing said we can't allow these indefinite suspensions because that would impermissibly interfere with DHS's enforcement authority and we were already past that in Romero. So is there anything sort of practically different between indefinitely suspending and actually terminating a proceeding for these purposes? Is there any way to distinguish Romero? Yes your honor. Well when an IJ or the board terminates proceedings that of course is the end of the proceeding and if DHS wants to again attempt to remove the alien from the United States they would have to file a new charging document with the immigration by contrast when a case is administratively closed it is just it is effectively suspended held in a bank. And if I know I understand I understand the formal difference but I also understand that the AG said in the original opinion it doesn't make any practical difference because once these things are closed they're done they don't come back it's over and we held in Romero it doesn't matter. IJs can still close these proceedings over the AG's objection that it would interfere unduly with DHS's enforcement authority. So I'm just trying to figure out whether practically speaking it makes any difference which one we're talking about for purposes of this argument. Sure I think Annalee it is more of a legal difference than a practical difference although the of course an alien who is in removal proceedings even proceedings that are administratively closed does have the weight so to speak of those removal proceedings. I understand why it makes a difference for the petitioner a hundred percent I'm just trying I'll let it drop I'm just trying to figure out whether it makes a difference for DHS's potential interference with DHS's enforcement authority but okay. Well I would say also if since termination the termination we're asking for would be without prejudice of course DHS could always file a new charge. So just the the point that that I was making about the fact that IJs and the board don't have to grant a motion to dismiss from DHS you know we if they're not required to do so if they're not required to dismiss proceedings against aliens whom DHS no longer wishes to prosecute then there is no principled reason why they can't terminate proceedings against aliens that DHS still wishes to prosecute. Now if the court finds it unclear yes sir. Oh no before we get there let me ask you one question so the way I am thinking about this problem is like look we already read this regulation according to its plain terms in generally to administratively close a proceeding notwithstanding the fact that as a practical matter that pretty much ends it and so I'm trying to figure out is there something different about termination that would mean that Romero doesn't apply here and the only thing I can think of is that in Romero we did sort of at least cite the long administrative practice of having IJs do these administrative closures with some BIA approval and we don't have that here so does that matter? I don't believe so your honor because I think you only look at agency precedent if you find the regulations ambiguous. If the text of the regulation is clear then under our or Chevron that is really the end of it and we think the text of the regulations are clear and that is especially so in light of this court's decisions in Romero and in Jimenez-Rodriguez. I see my time is up so I will if not is there any more questions? You have some time. Can I just one very I'm so sorry just the structure of the argument thing is that if assuming hypothetically and without but if you were to prevail before us on your the agency to consider whether this proceeding should be either terminated or closed does that mean we do not get to your alternative arguments about cancellation of removal and the continuance and the motion to reopen? I believe even then the court should reach those arguments because if the court doesn't have to of course but if the request for both termination and administrative closure were denied on remand then I think we would be back in the same position. It'd be a little weird though because but the remedy you want us to give you on those second set of claims is you want us to remand for the IJ to have a hearing on cancellation but if you've prevailed on your first arguments there's at least arguably no proceeding to remand it for but it would have to be conditional? Well that would be our alternative argument if on remand the request for termination and administrative closure were both denied then as an alternative to termination or administrative closure my client would like an opportunity to see cancellation of removal but we are we are relatively optimistic that one of the two remedies would be granted if the court were to rule in our favor on the termination and or administrative closure issue and of course if the court does not want to reach those issues as a matter of judicial economy that is of course the point. All right thank you and you have some time in this slide pronounce it Bayram? Yes that's correct. Okay thank you you may proceed. May it please the court I am Sarah Byram appearing on behalf of Merrick B. Garland the United States Attorney General. This case presents four issues of the most important of course is this termination issue. Here on termination petitioner states that there is no in his brief he states that there is no principled reason why immigration judges cannot terminate proceedings against an alien when DHS wishes to prosecute. Before this court he has cabined that as a general power to terminate but in essence what he's really asking for is to give immigration judges the discretionary authority to terminate removal proceedings as they see fit. But there are two at least two principal reasons for why this cannot be the case. One because we have controlling statutory authority and regulations which the the Attorney General relied on that set out when termination is necessary when it's required statutory authority sets out that immigration judges shall conduct proceedings for determining removability. So there are regulations there are statutes that speak to this and second and more importantly is for over 50 years the agency combined with judicial decisions of three circuits have long held that immigration judges do not have this discretionary authority to just terminate as they as they see fit. He ignores this precedent in his argument he's largely ignored it in his brief but it starts in 1971 continues on through multiple administrations and of course you have the 95th in the circuit so wang it. So on this specific issue on whether or not immigration judges have this general discretionary authority to just terminate when they would like regardless of circumstances regardless of if the alien is actually removable what have you there is decades of agency precedent on that judicial precedence and and that is something that when the Attorney General promulgated SOG this was just a continuation of that long-standing interpretation that that discretionary authority to terminate is not something that is available now there's there's no dispute that judges have an inherent authority to terminate but that authority um is cabined by by uh the um the statutory authority the regulatory authority they are features of statute they derive their uh of this year decision in Cruz Valdez have on the SOG matter uh really none because Valdez Cruz Valdez goes to administrative closure and what we're talking about here is termination this also goes to Judge Harris's question termination and administrative closure are two different postures um we have decades of agency precedent judicial precedent on termination it's very different from administrative closure um and petitioner you know weaves in the the regulations and and tries to build off of what happened with um Romero Castro tool Cruz and administrative but we're talking about something different here um okay counsel counsel can I just stop you so the very first I don't even know what you call these in these AG opinions but header number one says that consistent with matter of Castro Tom judges have no inherent authority to terminate or dismiss removal proceedings and it just seems not um fair to suggest that the withdrawal of matter of Castro Tom which literally like the first one to the third word of this opinion is the matter of Castro Tom that the withdrawal of that opinion would have no bearing whatsoever on this question the agency obviously thinks of these yes formally distinct but very very similar and overlapping issues which is why the first words out of the agency's mouth are we're relying on matter of Castro Tom to decide this issue with with due respect there are some references to Castro Tom but the whole things of what the attorney general said here go to termination and they they are very different concepts just to take a step back termination is specifically authorized by the INA there's regulations there's statutes there's a plethora of judicial precedent on termination when you terminate a case it disposes of it entirely it kills the case right and it prevents it could prevent uh department of homeland security from bringing a new case or new charges depending on how it was that it was terminated um and it obviously implicates you know a jurisdictional a jurisdictional scheme but termination is a very different procedure there is statute there is regulation there is judicial precedent talking about it by contrast administrative closure just essentially takes the case off the active docket but it still allows for the continued prosecution of that case at some point it still allows for DHS to pursue a final order which of course they have the right to do and particularly where the circumstances are that petitioner is removable like here where he conceded his removability and with administrative closure you you still preserve all those things there is also nothing in the INA or the regulations that specifically authorize administrative closure which is different from termination and so well but that's not what excuse me that's not excuse me excuse me counsel that's not what the attorney general said in matter of Castro tomb he said he made the same argument you're making here he said look the the regulations specifically provide for continuances this is just another form of continuance so the specific regulatory authorization for continuances means there can't also be a general broad authorization for these indefinite suspensions so the exact same argument was raised there that the specific if there's some specific regulation that touches on it you can't have this general authority and we rejected that in Romero so I don't see that as a distinction we could rely on here well with all due respect if nothing else the the distinction is is that termination specifically disposes of a case entirely whereas administrative closure doesn't do that I don't think that necessarily helps you it doesn't the fact that it disposes of it make it even more clearly fall within this regulation which refers to any action necessary or appropriate to dispose of a case well those regulations are not specifically addressed by PAG in matter of SOG and he didn't need to address them because there are termination specific regulations so to to go off that first I would I would say that these these arguments that petitioner raises about these general regulations weren't raised before the agency and no court or the board has ever found a discretionary authority to terminate based on these regulations and in addition matter of SOG has also never been considered by any circuit so those those beyond those things there are specific regulations for termination and the agency looked to those as should this court and other judicial circuits to look at the term the the termination specific regulations and we shouldn't ignore all those in favor of a general termination or a general regulation that wasn't addressed here and we have these specific regulations they say that immigration judges shall and that shall make findings on inadmissibility deportability they shall direct removal or termination such disposition there's other termination specific regulations and so the when we're talking about termination we should be looking to those specific regulations and the statutory and regulatory construction dictates that you're looking to specific specific governs the general and that's exactly the situation we have petitioner would like to ignore all of this judicial precedent all of these regulations and essentially build off what happened in castro tomb which is administrative closure and which is different and it it's also different if again for no other reason we have nearly 50 years of agency precedent on these points about a lack of discretionary authority to terminate the ninth the fifth and the second have recognized this and and so we have these specific authorities and these general authorities the the cfr 1003 they also say they limit they have a limiting principle of consistent with statute and regulation with any other authorities we have those authorities and and so that also plays a part in why there is no discretionary we're not considering you know this a new or we're not looking at termination and new it's set against this backdrop of the termination specific regulations of statutes requiring with the use of shall that immigration judges make these findings of of removability decided admissibility deportability decide whether they're removable and this is all set against the backdrop of this other precedent these other regulations and you have to read 100310 as consistent with other authorities and statute and regulation and that's what we have with with this other this other precedent council council can i give you a chance to um it just i'm having trouble following um why you think this is a chevron case can is it your understanding that what um matter of sog held was that the governing statutes would preclude allowing termination of a proceeding if they're if the finding of removability has been substantiated so we understood i guess maybe just just sorry go ahead no no please please finish so i understand what you're asking correctly well art is it your understanding that matter of sog holds that there is some statute that would preclude the agency from giving immigration judges the authority to terminate proceedings if there hasn't been a finding that removability has not been substantiated yes so okay if that is your position can you explain to me both how come we have a regulation that clearly says they can do this if there's a naturalization petition pending at least under certain circumstances and also why the attorney general said in matter of castro tomb that if there's been a complete failure of notice the appropriate thing would be for an immigration judge to terminate the proceedings are both of those things contrary to statute no because okay what what has what we have is the general statute um in 1229 that says that the immigration judge shall conduct proceedings for deciding inadmissibility and deportability and then at the conclusion shall decide whether they're removable those are um the broader statutes and congress supports hasn't directly spoken on how or when termination may occur but we have these regulations that have been put forth specific regulations um that outline certain circumstances when termination would be appropriate they were exercised within the authority of the attorney general yeah but if they're cut i understand that the attorney general exercise his authority both in writing matter of castro tomb and in promulgating the naturalization regulation but if those are inconsistent you just told me that there's a statutory command that ij's may not terminate proceedings unless they first hold that removability has not been substantiated and i'm looking at two things the ag has done that are inconsistent with the statutory command you just described to me and i am asking you what is going on do we need to enjoin that regulation do we need to make i mean what do you want us to do here what well first this piece isn't about administrative closure so i think it's important to go back again that termination is a different i'm talking about the i'm talking about the part of matter of castro tomb that is about termination where the attorney general says if there has been a failure of notice you do not have authority to indefinitely close that proceeding what you should do is terminate it yes and that's the part i'm talking about okay and if i let me go back a minute if i misspoke and i said that the attorney general what he is saying is that in every case there has to be a finding of removability when what what the the statute says is that the immigration judge has to conduct these proceedings on admissibility and that there should be they should be making a finding of removability or if they're not removal or an admissibility and then terminate accordingly where you have aliens who are removable um and dhs which wishes to prosecute that that is not a circumstance that is appropriate for an attorney general's excuse me for an immigration judge's discretionary authority to terminate that has been held for years so um and you have these general authority or this general regulation in 1013 which opposing counsel raises that's a general statute that the agency relied on for castro tomb and administrative closure we're in a different subset now and that is general but we also have these termination specific um regulations and that's what we look to in this case um along with the judicial precedent this focus on these these general regulations these two general regulations that may have been appropriate in castro tomb because that's what was the basis for administrative closure um is not the sole basis for termination here in this case or in any case of termination we look to this to the statutes that require the um inadmissibility and those things we look to the termination specific statutes that the attorney general has out and we look to the case law so and the agency precedent so they're opposing counsel's put a lot of focus on these these two general regulations to piggyback off of what happened in castro tomb okay but so counsel i'm going to understand that you're not really making a chevron or statutory argument you're making a regulatory argument about the circumstances under which these regular regulations authorize ij termination right because now we're back to the regulations we're not talking about the statute if well it's i mean it's no big deal i'm just trying to figure out why chevron is in this case so it doesn't matter is that the way that the attorney general set this out in the discussion is that he relies on of course 1103 for the authority but also 1229 a which requires that immigration judges conduct proceedings and find um make a finding as to removability um and so based on that and against this backdrop of the statutory obligation that immigration judges have to find removability um colors this this um the immigration judge's decision on termination and that there isn't this general authority this discretionary authority to where you have in light of the statutory obligation to determine removability um and in light of judicial precedent that has never allowed for um termination on a general discretionary basis as immigration judges seek it regardless of okay you know sorry counsel i keep interrupting and i apologize i just before you are out of time i wanted to just a few questions about the continuance question in this case if i can sort of take you into another area and the sufficiency of the agency's explanation and you say in your brief um on page 34 that the agency provides these explanations and there are four sites for the explanations um two of them are to the same form where the attorney gen i'm sorry the ij checks a box that says uh let me see the box says the motion is denied for failure to show good cause you're not saying that that's the explanation right well that was the conclusion um right so that's not the explanation okay so the one of them so you cite that two times and then you cite the part in the ij hearing where she says and i'm gonna get this wrong i deny the continuance because he doesn't have current relief so he's seeking a continuance because he doesn't have current relief and he wants to try to get it and the ij says i'm denying it because you don't have current relief is that an explanation so the immigration judge and then the board reviewed this to novo so no i know but i'm just asking i'm just going through the explanations you cite in your brief well because he was seeking a continuance for um relief that was speculative um and well that's not what she says she says i no no no i i understand that i'm just going through the things in your brief that the ij said so she checks the box and that is cited twice the third citation is to where the ij says i'm denying it because you don't already have relief and i'm asking you is the is that an adequate explanation for the denial of a continuance um with i with due respect we're looking to the board's decision okay so i'm going to take that as a no and now we're down to the board and the board says it's an indeterminate amount of time but as to the continuance pending the mother's application the evidence submitted by the this will be done in between six months and a year and in fact it is done in six months and the explanation doesn't address that very important fact when it says this is indeterminate it does not address what seems to be a pretty important fact going to that so why is that okay um well the the agency in denying it he's sure he had this this specific more specific period of time um the the agency you know denied it based on these other things um but i would i would point to briefly that regardless of of um the specific wording of the continuance as we know petitioner's mom has now got her lpr status and she has he has now submitted an application for a cancellation of removal but that was denied so even if you give him the cancel the continuance he's he got a second bite at the apple for his cancellation of removal and he has not submitted any evidence going to prima facie eligibility and the agency denied reopening on that basis so even even going to the continuance or to some degree the administrative closure um he has now that opportunity for cancellation of removal he submitted an application he did not submit any evidence to go with that application showing prima facie eligibility the agency was petitioner doesn't give any indication of what kind of evidence he's going to be bringing now to show that he is eligible and warrants cancellation of removal so um he has this second bite at the apple and the continuance in the administrative closure which largely sought for this cancellation of removal relief and he's got that he had that bite um and he still didn't bring forth what he needed to bring forth so um that to some degree continues to undermine the basis that he had for the continuance and the um administrative closure uh and i see i'm out of time um any further questions from the panel no all right mr uh you have uh four minutes in reply thank you your honor um the attorney general of course relies uh mostly on uh what it views as favorable precedent um i would simply point out that none of the cases on which the attorney general uh relies address section 1003.10b or 1003.1d12 uh nor are they really accompanied by any substantive analysis they're more akin to what the supreme court has described in other contexts as a drive by jurisdictional rule um and i think those decisions really beg the question of why it is that ij's and the board can terminate proceedings uh in search in circumstances where it's uncontroversial that they have the authority to do so um one question that the attorney general still has not answered is what authority what gives the bia the authority to terminate proceedings when dhs fails to sustain the charges the only regulation on which the attorney general lies is atfr 1240.12c but that only applies to ij's um so under the attorney general's argument the bia itself wouldn't have the authority to terminate proceedings um likewise that we still haven't had an answer from the attorney general about what an ij should do when an alien is for having entered the country unlawfully but has been granted a u visa uh by uscis and then they are at the same time uh removable but they have lawful status um i thought opposing council told me or uh gave me the impression that in the government's view cruz valdez has nothing to do with what we're talking about today what's your view of cruz valdez i i would respectfully disagree i think it undermines of course it undermines uh the matter of sog uh for the same reason that uh judge harris identified um but i think it also makes clear uh that if the court uh sends the case back for consideration of administrative closure uh that my client would have a very realistic shot of having his requests granted um and and if i could move to uh the administrative closure issue um we think that that's another basis on which the court should grant uh the petition for review because the board simply failed to consider uh that aspect of my client's requests for uh administrative closure um there's no dispute that that the board overlooked the request um and there's no dispute that the ordinary remedy under the ordinary remand rule is to send the case to the agency uh to consider a request in the first instance um the attorney general the only argument they raised in their brief was that a remand would be futile because the board would uh be unlikely to grant my client's request for administrative closure um but we find that argument perplexing because it's quite common for doc recipients to have their their cases administratively closed um we submitted with our opening brief seven example cases in which the board had administratively closed proceedings against doc recipients and given matter of Cruz Valdez and the enforcement priorities of the current administration it's quite possible that dhs would no longer oppose administrative closure uh if the case was remanded uh so i think far from being the the rare exception to the ordinary remand rule that this case is a quintessential example of when a court should allow an agency to address an issue uh in the first instance um and then finally uh just getting to the continuance issue um uh as judge harris noted the only reason the ij provided for denying my client's request was that he was not presently eligible for any form of relief from removal but that reasoning was nonsensical because my client had already been eligible for cancellation of removal he would not have needed to request to continue uh in the first place um and then finally just to return to the question that judge harris asked to close with my opening i would say that if the court rules in our favor on the continuance argument and finds that the that the agency abused its discretion denying my client's request for a continuance then it would not need to reach separate argument relating to the motion to remand because in that case the case would have to be remanded back to the agency and at a minimum he would be entitled to a hearing on his application if it's a request for termination or administrative closure if there are no further questions all right any questions no panel doesn't have any uh thank you very much for your arguments and we uh ordinarily come down and greet you if we were in richmond but since we're virtual we can't do it so let's accept this as a as a greeting from the three of us y'all have a nice day thank you
judges: Henry F. Floyd, Stephanie D. Thacker, Pamela A. Harris